UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUAZZEZ MIRA, an individual,<br><br>                Plaintiff,<br>  v.<br><br>MICROSOFT CORPORATION, a Washington Corporation, and ACTALENT, INC. (aka/previously EASI LLC), a Maryland corporation,<br><br>                Defendants. | CASE NO. 2:24-cv-01353-TL<br><br>ORDER ON MOTION FOR RECONSIDERATION |

      This matter is before the Court on Plaintiff Muazzez Mira's[1] Motion for Reconsideration of the Order on the Joint Motion to Consolidate Cases. Dkt. No. 28. Having reviewed the motion and the relevant record, the Court DENIES the motion.

---

[1] Plaintiff refers to herself in her motion as "Muazzez Mirasedoglu" and signs the motion accordingly (Dkt. No. 28 at 1, 6) but the named plaintiff in the case caption is "Muazzez Mira." The Court will refer to Plaintiff as she is named in the case caption until the Complaint is otherwise amended.

ORDER ON MOTION FOR RECONSIDERATION - 1

On December 20, 2024, Defendants Microsoft Corporation and Actalent Inc.[2] filed a joint motion to consolidate this matter with *Mirasedoglu v. Microsoft Corp.*, No. C24-1512 (W.D. Wash. filed Sept. 20, 2024). Dkt. No. 16. Plaintiff never opposed the motion, even after the motion was twice renoted to address issues regarding the status of Plaintiff's representation. Dkt. Nos. 22, 23. On February 12, 2025, Defendants' motion to consolidate was granted. Dkt. No. 27. In sum, the Court observed substantial overlap between the two matters and concluded that consolidation would promote judicial economy and expedite resolution of the cases. *Id.* at 2–3. Plaintiff now brings the instant motion to reconsider that Order. Dkt. No. 28. Plaintiff argues that the Order "constitutes a manifest error of law and fact."[3] *Id.* at 1.

"Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions must be denied absent a showing of "manifest error in the prior ruling or . . . new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); see also *Inventist, Inc. v. Ninebot Inc.*, 664 F. Supp. 3d 1211, 1215 (W.D. Wash. 2023) (noting reconsideration is an "extraordinary remedy," and the moving party bears a "heavy burden"). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Maryln Nutraceuticals*, 750 F.3d at 880 (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Whether or not to grant reconsideration is committed to the sound discretion of the court."

---

[2] Defendant Actalent has stated that it is incorrectly named in the Complaint and is instead named "Actalent Services, LLC." Dkt. No. 16 at 1. The Court will refer to Defendant Actalent as they are named in the case caption until the Complaint is otherwise amended.

[3] Plaintiff does not argue that new facts or legal authority support reconsideration.

ORDER ON MOTION FOR RECONSIDERATION - 2

*Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

The Court finds no reason to disturb its prior Order, and Plaintiff's arguments are unpersuasive. Plaintiff first argues that the Court "incorrectly assumes" that both matters contained a claim under the Family and Medical Leave Act ("FMLA") (Dkt. No. 28 at 2), but the two Complaints plainly demonstrate that they do. *Compare* Dkt. No. 1-2 ¶¶ 18–23 (first claim for relief brought for "Violation of Federal Family & Medical Leave Act"), *with Mirasedoglu*, Dkt. No. 1-2 at 7 (seventh claim for relief brought for "Violation of the Family and Medical Leave Act (FMLA)"). Indeed, the basis of this matter is part and parcel of the basis for the *Mirasedoglu* matter: the facts of this matter are recounted in paragraphs 12 and 13 of the "Background Facts" section of the *Mirasedoglu* Complaint, and the two matters involve all the same players. *Compare* Dkt. No. 1-2 ¶¶ 5–12, *with Mirasedoglu*, Dkt. No. 1-2 at 6.

Next, Plaintiff argues that the Court "ignores employer distinctions, requiring separate liability determinations" (Dkt. No. 28 at 3), but the Court is capable of conducting multiple legal analyses within one matter. Similarly, Plaintiff argues that the Court "overstates the extent of overlapping facts and witnesses" where the cases "involve distinct legal standards and employer obligations" (*id.*), but Federal Rule of Civil Procedure 42(a) requires only "*a* common question of law or fact" (emphasis added), not complete overlap.

Plaintiff argues that the Order "creates procedural inefficiencies and unfairness" and "prejudices plaintiff" because its combination of different facts and legal issues creates confusion and allows Defendants to expand the scope of arbitration (Dkt. No. 28 at 4), but again, the Court is capable of conducting multiple legal analyses in one matter, and Plaintiff does not explain how the Order affects any requirements to arbitrate.

Finally, Plaintiff argues that the Order "imposes an indue burden and limits Plaintiff's legal strategy" (Dkt. No. 28 at 4), but Plaintiff's argument is conclusory; she does not explain, in any way, how consolidation affects her ability to present all her claims.

Accordingly, it is hereby ORDERED:

(1) Plaintiff's Motion for Reconsideration (Dkt. No. 28) is DENIED.

(2) Pursuant to the prior Order on the Joint Motion to Consolidate Cases (Dkt. No. 27), Plaintiff's Amended Consolidated Complaint remains **due by March 14, 2025**. If Plaintiff corrects her name and Defendant Actalent's name in the Amended Consolidated Complaint, the Clerk is DIRECTED to adjust the case caption accordingly.

Dated this 28th day of February 2025.

Tana Lin
United States District Judge