# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| MUAZZEZ MIRASEDOGLU, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington corporation; JEFF WILDER, an individual; and ACTALENT, LLC, a Maryland corporation,<br><br>Defendant(s). | CASE NO. 2:24-cv-01353-TL<br><br>ORDER |

This matter is before the Court on Plaintiff's Counsel Eric Helmy's Motion for Relief from Order to Appear in Person ("Motion for Relief"), Dkt. No. 40, and Motion to Withdraw as Attorney, Dkt. No 41, and the Court's March 3, 2025, Order to Show Cause, Dkt. 30.

//

//

//

ORDER - 1

I. **BACKGROUND**

On December 23, 2024, Plaintiff Muazzez Mirasedoglu filed a Motion to Dismiss while she was represented by Eric Helmy. Dkt. No. 19.[1] This prompted the Court to issue a Minute Order ("the First Order") on January 13, 2025, requiring Plaintiff and/or Mr. Helmy to file, by January 27, 2025, a motion in accordance with Local Civil Rules 83.2(b)(1) or 83.2(b)(5), which govern the withdrawal of attorneys and the appearance of a party *pro se*, respectively. Dkt. No. 22. Neither Plaintiff nor Mr. Helmy filed a motion in compliance with the First Order, and Mr. Helmy remained counsel of record.

On January 28, 2025, the Court issued an order ("the Second Order"), requiring, in part, that Mr. Helmy show cause why he should not be sanctioned for failing to comply with the First Order. Dkt. No. 23 at 2. Mr. Helmy filed a timely response to the Second Order, in which he stated that he had filed a motion to withdraw at some point before the First Order was filed, had assumed his withdrawal "would be granted as a matter of course," and had thus disregarded subsequent docket notifications for the case, leading him to inadvertently overlook the first order. Dkt. No. 24 at 2, Dkt. No. 24-1 ¶4. Mr. Helmy did not provide any copy of the motion he purported to have filed, nor did he offer an explanation as to why no such motion appeared on the docket.

On February 11, 2025, the Court issued yet another order ("the Third Order"), reiterating that no motion to withdraw had actually been filed and requiring Mr. Helmy to file a motion to withdraw by February 18, 2025. Dkt. No. 26 at 2. No motion was filed by the deadline. Therefore, on March 3, 2025, the Court set a deadline of March 17, 2025, for Mr. Helmy to show cause why he should not be sanctioned for failure to comply with the Third Order. Dkt. No 30

---

[1] The motion to dismiss has since been stricken as withdrawn by Plaintiff. Dkt. No. 26.

("the Fourth Order"). When no response was filed by *this* deadline, the Court set a hearing on the March 3 order for April 10, 2025, at 2 p.m. Dkt. No. 32. On April 7, 2025, the Court filed a notice to the parties informing them that while Defense Counsel could appear remotely, Plaintiff and Mr. Helmy were ordered to appear in person. Dkt. No. 36 ("the Fifth Order").

Neither Plaintiff nor Mr. Helmy appeared for the hearing. Counsel for Defendants did appear and did not indicate any opposition to the stated intention of Mr. Helmy and Ms. Mirasedoglu that he withdraw from representing her. When the Courtroom Deputy contacted Mr. Helmy, Mr. Helmy expressed that he was out of state; now lives in Bend, Oregon; and thought he had withdrawn from the case. Mr. Helmy requested to appear at the hearing via Zoom, and the Court denied that request. Mr. Helmy stated he thought he would next be in Seattle on April 22. Therefore, the Court reset the hearing for April 22, 2025, at 1 p.m.

On April 15, 2025, Mr. Helmy filed the Motion for Relief, Dkt. No. 40, and the Motion to Withdraw as Attorney, Dkt. No. 41. In the Motion for Relief, which also serves as Mr. Helmy's belated response to the Fourth Order, Mr. Helmy attests that he no longer plans to travel to Seattle on February 22, 2025, and requests relief from his obligation to appear at the hearing, or, in the alternative, leave to appear via Zoom. Dkt. No. 40 at 2. In his defense, Mr. Helmy attributes his non-response to the Third and Fourth Orders to a combination of a period of debilitating illness and an "impression that he had adequately complied with the court's previous show-cause order through his submission on Feb. 7." *Id.* at 3–4.

II.     DISCUSSION

A. Motion to Withdraw as Counsel

Although this motion is noted for May 6, 2025, in accordance with LCR 7(d)(3), the Court will act today to GRANT the Motion to Withdraw, as (1) the Court is satisfied that

ORDER - 3

Defendants have no opposition to Mr. Helmy's withdrawal and (2) Ms. Mirasedoglu has made clear her desire to proceed *pro se*. Dkt. No. 25 at 1.

### B. Sanctions

"An attorney or party who without just cause fails to comply with . . . an order of the court . . . or who fails to prepare for presentation to the court, or who otherwise so multiplies or obstructs the proceedings in a case may . . . be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate." LCR 11(c).

Between January 13 and April 7, 2025, Mr. Helmy failed to comply with four orders of this Court, culminating in his nonappearance at the April 10 hearing. In place of filing a three-sentence procedural motion when he and/or Ms. Mirasedoglu decided he would not continue representing her, he simply ceased attending to developments in the case, wasting hours of court staff and opposing counsel's time as they sought to clarify Plaintiff's representation, attempted to contact Mr. Helmy and effect his proper withdrawal, and sat waiting at a sanctions hearing at which neither Mr. Helmy nor Ms. Mirasedoglu appeared.

Even if Mr. Helmy once believed that he had promptly filed a motion to withdraw, a bare minimum level of diligence would have dispelled this misapprehension as soon as he became aware of the Second Order, to which he responded on February 7, 2025. Dkt. No. 24. Had Mr. Helmy attentively read *either* the First Order *or* the Second Order in preparing his response, he would have recognized that no motion to withdraw had been received by the Court. Instead, he contradicted the Court without evidence, defended his nonaction by inaccurately asserting that he had already withdrawn, then apparently returned to disregarding docket notifications in the case.

Mr. Helmy's present filings inspire no more confidence in his respect for the seriousness of these proceedings. His motion for relief, accompanying declaration, and motion to withdraw

are rife with simple errors; the declaration is particularly poorly edited (e.g. it is written in both first- and third-person points of view). *See generally* Dkt. Nos. 40, 40-1, and 41. Further, he has not submitted proposed orders with his motions or otherwise demonstrated familiarity with the Court's procedures. *See* Dkt. No. 8 (Minute Order advising parties of Court's procedures).

In short, Mr. Helmy's conduct, on its face, is sufficient to justify monetary sanctions. However, upon considering Mr. Helmy's representations about his health, the Motion to Withdraw he has now filed, the need to avoid further wasting the time of the Court or counsel for Defendants, and the interest of all parties in moving forward in this case, the Court will decline to issue sanctions to Mr. Helmy and STRIKE the hearing set for April 22, 2025.

### III.  CONCLUSION

Accordingly, the Court issues ORDERS as follows:

1. The Motion to Withdraw as Counsel is GRANTED.
2. The hearing on the Court's March 3, 2025, Order to Show Cause, set for April 22, 2025, is STRICKEN.

Dated this 18th day of April 2025.

Tana Lin
United States District Judge

ORDER - 5